Reversed and Remanded and Memorandum Opinion filed September 23, 2003









Reversed and Remanded and Memorandum Opinion filed
September 23, 2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00342-CV

____________

 

SHIRLEY THOMAS, as next friend of
JENA THOMAS, Appellant

 

V.

 

ROBERT LEE DICKSON, II, Appellee

 



 

On Appeal from the 190th District
Court

Harris County, Texas

Trial Court Cause No. 00-14285

 



 

MEMORANDUM   OPINION

Shirley
Thomas, as next of friend of Jena Thomas, sued Robert Lee Dickson, II, for
negligence, gross negligence, and breach of implied warranty after the kitchen
ceiling in her apartment allegedly fell on her head.  Prior to trial, the trial court granted a
motion to dismiss in favor of Dickson.   
On appeal, Thomas contends the trial court (1) violated Rule 12 of the
Texas Rules of Civil Procedure; (2) erred in dismissing the case under the
statute of limitations; and (3) harmed her by failing to make findings of fact
and conclusions of law.  We reverse and
remand.








The
injury sustained by Jena Thomas occurred on or about August 8, 1998.  The original petition, which named Jena
Thomas as plaintiff, was timely filed on March 20, 2000.  During a deposition, Jena Thomas testified
that she suffers from schizophrenia and that her mother is her legal
guardian.  On November 5, 2001, the day
before trial, Dickson filed a motion to show authority because Jena lacked the
capacity to sue.  The trial court granted
a continuance, and on November 27, 2001, Shirley Thomas, the mother of Jena
Thomas, filed a second amended petition as next friend of Jena Thomas.

Following
the substitution, Dickson filed an AAmended Motion to Show Authority or
In The Alternative Motion to Dismiss@ in which he argued that either (1)
Jena Thomas lacked the capacity to sue or (2) Shirley Thomas could not sue on
Jena=s
behalf because the amended petition was filed more than two years after Jena=s
injury.

At
a hearing on appellee=s motion, Thomas=
attorney advised the trial court that no formal guardianship exists.  He also advised the court that he had amended
the petition to Asave this case.@  The trial court granted Dickson=s
motion, and the cause was dismissed.

On
appeal, Shirley Thomas contends in her third issue for review that the trial
court erred in ordering a dismissal of the cause.  We agree.

The statute of
limitations for personal injury is two years. 
Tex. Civ.
Prac. & Rem. Code Ann. ' 16.003(a) (Vernon  2002).  To the extent Jena is competent, her suit was
timely filed.  To the extent Jena is not
competent, a suit may be filed on her behalf by a Anext friend.@  Tex. R. Civ. P. 44.[1]  Moreover, the Civil Practice and Remedies
Code provides: 








If a filed petition relates to a cause of action, cross
action, counterclaim, or defense that is not subject to a plea of limitation
when the pleading is filed, a subsequent amendment or supplement to the
pleading that changes the facts or grounds of liability or defense is not
subject to a plea of limitations unless the amendment or supplement is wholly
based on a new, distinct, or different transaction or occurrence.

Tex. Civ. Prac. & Rem. Code Ann. ' 16.068  (Vernon 1997).  If the nature of the suit against the
defendants remains unchanged by the amended petition, the substitution of
parties-plaintiff does not constitute a new suit.  Johnston v. Crook, 93 S.W.3d 263, 269 (Tex. App.CHouston [14th Dist.]
2002, pet. denied).  

Here,
the amended petition was wholly based upon, and grew out of, the same set of
facts and occurrences as were alleged in the original petition.  Except for naming Shirley Thomas as next
friend of Jena Thomas, the pleading did not change.  Like the original petition, the second
amended petition alleged (1) Jena Thomas as the injured party; (2) the date of
the injury; (3) the type of injury; (4) a named defendant; and (5) the type of
damages sought by plaintiff.  The nature
of the suit against Dickson remained exactly the same in the amended petition
as it had been in the original petition. 
Changing only the capacity of the plaintiff did not constitute the
filing of a new suit.  See id.   Thus, the second amended petition related
back to the original petition, and the date of the original petition controls
our disposition of the limitations issue. 
Accordingly, appellant=s claims are not barred by
limitations, and appellant=s third issue for review is
sustained.








As
the result of our disposition of this issue for review, we need not address the
remaining issues.  The judgment of the
trial court dismissing the case is reversed and the cause is remanded for a new
trial.

 

 

 

 

/s/        J.
Harvey Hudson

Justice

 

 

 

 

Judgment rendered and Memorandum
Opinion filed September 23, 2003.

Panel consists of Justices Yates,
Hudson, and Frost.











[1]  Rule 44
states:

Minors, lunatics, idiots, or persons non compos mentis who have no
legal guardian may sue and be represented by >next
friend= under the following rules:

(1) Such next friend shall have the same rights concerning such suits
as guardians have, but shall give security for costs, or affidavits in lieu
thereof, when required.

(2) Such next friend or his attorney of record may with the approval of
the court compromise suits and agree to judgments, and such judgments,
agreements and compromises, when approved by the court, shall be forever
binding and conclusive upon the party plaintiff in such suit.

Tex. R. Civ.
P. 44.