Affirmed
and Memorandum Opinion filed October 6, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-01085-CV

____________

 

FRED SAMSON, Appellant

 

V.

 

JAMES MANLEY AND DON JACKSON, Appellees

 



 

On Appeal from the 125th
District Court

Harris County, Texas

Trial Court Cause No. 2005-59467

 



 

M E M O R A N D U M   O P I N I O N

This is an appeal from the granting of two
motions for summary judgment in favor of appellees, James Manley and Don
Jackson.  Appellant argues the trial court erred in granting the summary
judgments.  We affirm.   

 








Factual and Procedural Background[1]

Appellant sued his former attorney,
appellee James Manley, who represented him during settlement negotiations in a
1988 workers= compensation suit.  He also sued the opposing counsel
representing the employer=s liability insurer in the workers= compensation
suit, appellee Don Jackson.  Manley and Jackson both filed  summary judgment
motions on appellant=s claims and both were granted by the
trial court.  Appellant argues the granting of these motions was in error.  








Appellant, Fred Samson, was employed by
Bowen Tools in the early 1980's.  On August 21, 1984, appellant sustained an
on-the-job injury and filed a workers= compensation
claim with the Industrial Accident Board of the State of Texas.  The Industrial
Accident Board entered appellant=s award on
February 23, 1987.[2] 
On March 1, 1987, appellant filed suit in Harris County District Court against
Highlands Insurance Company, Bowen Tools= liability
insurer, to set aside the award of the Industrial Accident Board.[3] 
Before going to trial, the parties reached a settlement agreement.  The trial
court entered a final judgment on December 9, 1988 approving the settlement
agreement.  In its judgment, the trial court set aside the award of the
Industrial Accident Board and ordered, pursuant to the parties= settlement
agreement, appellant take $34,000.00 in full and final judgment of his claims
for workers= compensation benefits, twenty-five percent of which
was awarded to his attorney, appellee James Manley, as reasonable attorney=s fees. 
Additionally, the trial court ordered Highlands Insurance Company to pay future
medical expenses, including hospitalization, but not limited thereto,
reasonably related to plaintiff=s injury and necessary for his treatment
for the remainder of his lifetime.  The final judgment was signed by appellee
Don Jackson, an attorney at the law firm of Vinson & Elkins representing
Highlands Insurance Company; appellee James Manley, an attorney at the law firm
of Manley & Alter representing appellant; and appellant Fred SamsonCall of whom were
present at the settlement conference.    

Due to disagreements with his attorneys,
by the time the parties agreed on a settlement appellant was being represented
by  his fourth attorney, appellee James Manley.  During the settlement
negotiations, but before the final agreement was reached, Claude Masters, an
attorney at Manley=s firm, Manley & Alter, represented
appellant.  Masters left Manley & Alter before the trial court entered the
final judgment on the settlement agreement.  Appellee Manley assumed the firm=s responsibilities
to represent appellant.

Appellee Don Jackson=s only involvement
in the settlement agreement was through his representation of then-defendant,
Highlands Insurance Company.  Jackson was not the insurance carrier=s in-house
counsel, but was a retained attorney employed by the law firm of Vinson &
Elkins. 

In January of 2004, Highlands Insurance
Company ceased making payments to appellant.  The record indicates Highlands
had become insolvent sometime in 2003.  The discontinuation of appellant=s medical payments
was the catalyst of this lawsuit.  








On September 14, 2005, appellant, acting pro
se, filed suit in Harris County District Court against Highlands Insurance
Company.  Appellant alleged four different Acauses of action@: breach of
contract, negligence, mental anguish and conspiracy.[4] 
Appellant sought  fifty-five million dollars in damages.  On July 21, 2006,
appellant filed a AMotion for Leave  to File Multiple
Defendants.@  Pursuant to this motion, appellant added six new
defendants, including: Bowen Oil Tool Inc., Haliburton Co., Dr. John DeBender,
Dr. Boris Rubashkin, James Manley, and Don Jackson.  He also added a melange of
new alleged causes of action and damage theories, including: constructive
fraud, conspiracy, breached [sic] of duty, intentional infliction of emotional
distress, deceptive trade practice, mental anguish, stress, depression, lost
[sic] of past and future capacity [sic], pain past and future [sic], mental and
physical pain and suffering [sic].  A long battle of pleadings ensued.  By
August 17, 2007, all defendants, with the exception of appellees Manley and
Jackson, were granted dispositive relief.  The trial court signed an order
severing Manley and Jackson from the other defendants.  

On July 5, 2007, appellee Don Jackson
filed a motion for summary judgment.  On August 10, 2007, appellant filed a
document titled APlaintiff=s Motion for Leave
to Response to Defendant Don Jackson=s Motion for
No-Evidence Summary Judgment and Motion for Continuance.@  The substance of
this document appears to be a response to Jackson=s motion for
summary judgment.  On August 20, 2007, Don Jackson filed a reply to appellant=s response.  On
August 22, 2007, the trial court granted Jackson=s motion without
specifying any particular  grounds upon which summary judgment was being
granted.

October 22, 2007, appellee Manley filed a
motion for summary judgment.  Appellant filed a response and the court held a
hearing on the motion.  On October 29, 2007, the court granted Manley=s motion, but
again did not specify particular  grounds.

On November 2, 2007, the trial court
signed a final judgment stating A[a]ll of the
claims of plaintiff in this case have been resolved through summary judgments
in favor of the defendants.@  Appellant filed multiple motions for new
trial, all of which were denied.  Eventually, appellant filed a notice of
appeal from the summary judgments granted in favor of Manley and Jackson.  








Discussion

I.        Did the trial
court err in granting Manley=s Motion for
Summary Judgment?

Appellant argues the trial court erred in granting Manley=s hybrid motion for summary
judgment.  Appellant=s specific points of error are less than clear; however, he
implies  genuine issues of material fact preclude summary judgment. 
Additionally, he asserts new arguments on appeal, which we need not address.  See
San Jacinto River Auth. v. Duke, 783 S.W.2d 209, 209B10 (Tex. 1990) (holding a litigant
must present its complaint to the trial court to preserve the argument on
appeal).

A.        Standard
of Review 

We review the trial court=s summary judgment de novo.  Provident
Life & Acc. Ins. Co. v. Knott, 128 S.W.3d 211, 215 (Tex. 2003).  When a
party moves for summary judgment on both traditional and no-evidence grounds
and the trial court does not specify which it granted, we may uphold the
summary judgment on either ground.  See Taylor v. Carley, 158 S.W.3d 1,
8 (Tex. App.CHouston [14th Dist.] 2004, pet. denied).  

Under the traditional summary judgment standard of review, a
movant has the burden to demonstrate at the trial level that there are no
genuine issues of material fact, and he is entitled to judgment as a matter of
law.  KPMG Peat Marwick v. Harrison County Hous. Fin. Corp., 988 S.W.2d
746, 748 (Tex. 1999).  In determining whether there is a genuine fact issue
precluding summary judgment, evidence favorable to the non-movant is taken as
true and we make all reasonable inferences in his favor.  Id.  A movant
is entitled to summary judgment only if he conclusively proves all essential
elements of his claim.  Johnston v. Crook, 93 S.W.3d 263, 273 (Tex. App.CHouston [14th Dist.] 2002, pet.
denied).








In a no-evidence motion for summary judgment, the movant must
specifically state the elements as to which there is no evidence.  Walker v.
Thomasson Lumber Co., 203 S.W.3d 470, 473B74 (Tex. App.CHouston [14th Dist.] 2006, no pet.). 
The trial court must grant the motion unless the respondent produces summary
judgment evidence raising a genuine issue of material fact.  Tex. R. Civ. P.
166a(i).  However, the respondent is Anot required to marshal its proof;
its response need only point out evidence that raises a fact issue on the
challenged elements.@  Hamilton v. Wilson, 249 S.W.3d 425, 426 (Tex. 2008).

A no-evidence summary judgment is essentially a pretrial
directed verdict, and we apply the same legal sufficiency standard in reviewing
a no-evidence summary judgment as we apply in reviewing a directed verdict.  Mathis,
231 S.W.3d at 50.  We review the entire record in the light most favorable to
the non-movant, indulging every reasonable inference, and resolving any doubts
against the motion.  City of Keller, 168 S.W.3d at 824.  We sustain a
no-evidence summary judgment if (1) there is a complete absence of proof of a
vital fact, (2) rules of law or evidence bar the court from giving weight to
the only evidence offered to prove a vital fact, (3) the evidence offered to
prove a vital fact is no more than a scintilla, or (4) the evidence
conclusively establishes the opposite of a vital fact.  Walker, 203
S.W.3d at 474.  Less than a scintilla of evidence exists when the evidence
offered to prove a vital fact is so weak as to do no more than create a mere
surmise or suspicion of its existence, and in legal effect is no evidence.  Ford
Motor Co. v. Ridgway, 135 S.W.3d 598, 601 (Tex. 2004).  More than a
scintilla of evidence exists when the evidence rises to a level that would
enable reasonable and fair-minded people to differ in their conclusions as to
the existence of the vital fact.  Id.  

B.        Analysis


In appellant=s fifth amended petition he explains what we construe to be
the basis of his lawsuit.  The following is quoted from his petition:








. . . James Manley, . . .
Don Jackson, all the parties are either directly or indirectly contribute to
plaintiff damages, base of there action or intentions.  All this parties that
are part of this claim are or have been liable.  Because those parties have
perpetrated a fraud and engaged in Civil conspiracy, conspiracy to defraud,
conspiracy to conversion, release is fraud, constructive fraud, civil theft or
conversion, violation of Bulk Sales Act.  Breached of Contract.  Breach of
employment contract by employer, plaintiff was/ is entitled to some benefits
from previous employer. . . All the party in this suite intentionally or with
reckless abandon caused serves emotional distress to Samson and his family.
[sic]

We construe this to
encompass the following causes of action: (1) Fraud, (2) Civil Conspiracy, (3)
Theft and Conversion, (4) Violation of the Bulk Sales Act, (5) Breach of
Contract, and (6) Intentional Infliction of Emotion Distress.  Manley filed a
hybrid motion for summary judgment.  He argues there is no evidence supporting
any of appellant=s causes of action and moreover, all appellant=s claims are barred by the two and
four year statute of limitations.  Appellant failed to attach any evidence to
his response.  We will only address the no-evidence portion of Manley=s motion because it is dispositive of
this appeal in regard to appellee Manley.      

1.         Fraud

To
recover on an action for fraud, the plaintiff must prove: (1) a material
representation was made, (2) the representation was false, (3) when the speaker
made the representation, he knew it was false or made it recklessly without
knowledge of the truth as a positive assertion, (4) the speaker made it with
the intention that it should be acted upon by the party, (5) the party acted in
reliance upon it, and (6) the party thereby suffered injury.  Solutioneers
Consulting, Ltd. v. Gulf Greyhound Partners, Ltd., 237 S.W.3d 379, 385
(Tex. App.CHouston [14th Dist.] 2007, no pet.).  In his summary judgment motion,
Manley argued  there is no evidence to support any of the elements of
fraud. 








Appellant alleges Manley engaged in fraud, conspiracy to
defraud, and constructive fraud.  He claims his signature on the final
settlement agreement was procured by fraud because Manley did not explain the
settlement agreement to him and he admittedly signed without reading the
agreement.  However, appellant fails to point to a specific false
representation by Manley.  Mere conclusory statements do not constitute
effective summary judgment proof and need not be given the same presumptive
force as allegations of fact.  Abbott Laboratories, Inc. v. Segura, 907
S.W.2d 503, 508 (Tex. 1995).  Moreover, appellant attached no evidence to his
motion.  See Tex. R. Civ. P. 166a(i) (AThe court must grant the motion
unless the respondent produces summary judgment evidence raising a genuine
issue of material fact.@).  Appellant=s allegations of fraud amount to conclusory accusations and
he presents no evidence raising a genuine issue of material fact on any element
of his fraud cause of action.  See Segura, 907 S.W.2d at 508.  
Specifically, appellant did not point to a single specific misrepresentation
upon which he bases his claim.  The trial court did not err in granting summary
judgment on this claim.  

2.         Civil
Conspiracy 

To recover on an action for civil conspiracy, the plaintiff
must prove: (1) the defendant and another person acted together, (2) they acted
to accomplish an object (an unlawful purpose or a lawful purpose by unlawful
means), (3) they had a meeting of the minds on the object or course of action,
(4) they committed one or more unlawful acts, and (5) the plaintiff suffered
damages as the proximate result of the unlawful acts.  Ins. Co. Of N. Am. v.
Morris, 981 S.W.2d 667, 675 (Tex. 1998).  In his motion for summary
judgment, Manley argued there is no evidence supporting any of the
elements  of conspiracy.








Appellant provided no evidence of conspiracy and merely
alleged that Aall@ defendants conspired against him because he is not proficient in English
and is a Asimple@ blue collar worker.  One of the essential elements required to establish
a civil conspiracy is a meeting of the minds on the object or course of
action.  Schlumberger Well Surveying Corp. v. Nortex Oil & Gas Corp.,
435 S.W.2d 854, 857 (Tex. 1969).  There is no evidence of a meeting of the
minds between the defendants.  Appellant points out no specific facts
establishing any of the elements of conspiracy.  Appellant did not attach any
evidence of conspiracy to his response as required by rule 166a(i).  See Tex.
R. Civ. P. 166a(i).  Specifically, appellant presented no evidence on the third
element of conspiracy, a meeting of the minds.  The trial court did not err in
granting Manley=s no-evidence motion for summary judgment.

3.         Civil
Theft and Conversion

To establish a claim for conversion, a plaintiff must prove:
(1) title, (2) right to possession, and (3) a demand for the return of the
property unless the possessor=s acts manifest a clear repudiation of the plaintiff=s rights.  El Paso Prod. Co. v.
Valence Operating Co., 112 S.W.3d 616, 625 (Tex. App.CHouston [1st Dist.] 2003, pet.
denied).  In his motion for summary judgment Manley argued there is no evidence
supporting any of the elements of conversion.

Appellant presented no evidence proving he had title to a
specific piece of property.  Further, he only states a claim for Aconversion@ or Acivil theft@ without providing reference to any
specific facts.  Therefore, he has presented no evidence as to the first
element required to establish a claim for conversion.  Summary judgment was not
granted in error on this claim. 

4.         Violation
of the Bulk Sales Act








 Although appellant includes an allegation concerning the
Bulk Sales Act, it   was repealed in 1993 and is inapplicable to the facts of
this case.  Bulk sales are governed by the provisions of Chapter 6 of the
Business and Commerce Code, commonly referred to as the Bulk Transfer Act.  Rome
Indus., Inc. v. Intsel Sw., 683 S.W.2d 777, 779 (Tex. App.CHouston [14th Dist.] 1984, writ ref=d n.r.e.).  A bulk transfer is
defined as Aany transfer in bulk and not in the ordinary course of the transferor=s business of a major part of the
materials, supplies, merchandise or other inventory of an enterprise subject to
this chapter.@  Id.; Act 1965, 59th Leg., vol. 2, p. 109, ch. 721, '' 6-101 to 6-111 and Acts 1967, 60th
Leg., p. 2343, ch. 785, ' 1, repealed by Acts 1993, 73rd Leg., ch. 570, ' 16, eff. Sept. 1, 1993.  Even
assuming the Bulk Sales Act had not been repealed in 1993, appellant still
presented no evidence on any of the required elements.  Particularly, appellant
provided no evidence of a Atransfer in bulk@ as required by the statute. 
Therefore, we conclude the trial court did not err in granting summary judgment
on this claim.

5.         Breach
of Contract 

To recover on an action for breach of contract, a plaintiff
must prove: (1) the existence of a valid contract, (2) performance or tendered
performance by the plaintiff, (3) breach of the contract by the defendant, and
(4) damages sustained by the plaintiff as a result of the breach.  Aguiar v.
Segal, 167 S.W.3d 443, 450 (Tex. App.CHouston [14th Dist.] 2005, pet.
denied).  In his motion for summary judgment, Manley argues there is no
evidence demonstrating Manley breached the employment contract between
appellant and the law firm of Manley & Alter.  

In his response to Manley=s motion for summary judgment,
appellant argues there was no valid contract with the law firm of Manley &
Alter.  We find this statement dispositive of appellant=s breach of contract claim.  In
making this statement, appellant explicitly states there is no evidence on the
first required element of a breach of contract claim.  The trial court did not
err in granting summary judgment on this claim.

6.         Intentional
Infliction of Emotional Distress

To recover on an action for intentional infliction of
emotional distress, a party must prove: (1) the defendant acted intentionally
or recklessly, (2) the defendant=s conduct was extreme and outrageous,
(3) the defendant=s actions caused the plaintiff emotional distress, and (4)
the resulting emotional distress was severe.  Hoffman-La Roche Inc. v.
Zeltwanger, 144 S.W.3d 438, 445 (Tex. 2004).  Manley argues appellant has
not produced any  evidence in support of any element on his intentional
infliction of emotions distress claim.  We agree. 








Extreme and outrageous conduct is conduct A>so outrageous in character, and so
extreme in degree, as to go beyond all possible bounds of decency, and to be
regarded as atrocious, and utterly intolerable in a civilized community.=@  Id. (quoting Twyman v.
Twyman, 855 S.W.2d 619, 621(Tex. 1993)).  Appellant has not alleged any
conduct rising to the level of extreme or outrageous conduct.  The basis for
this cause of action appears to be that appellant contends Manley took
advantage of appellant because appellant does not speak English well and is not
well-educated.  Appellant=s allegations are conclusory and he raises no genuine issues
of material fact on any of the elements of intentional infliction of emotional
distress.  Therefore, the trial court did not err in granting summary judgment
on this claim.

7.         Summary
Judgment was properly granted for James Manley

Appellant presented no evidence to support any of his causes
of action.  Accordingly, the trial court did not err in granting summary
judgment on all of appellant=s causes of action.

II.        Did
the trial court err in granting Jackson=s Motion for Summary Judgment?

Appellant pleaded the same causes of action against Jackson
as he did against Manley, which we construe as: (1) Fraud, (2) Civil Conspiracy,
(3) Theft and Conversion, (4) Violation of the Bulk Sales Act, (5) Breach of
Contract, and (6) Intentional Infliction of Emotion Distress.  Jackson filed a
hybrid motion for summary judgment arguing, (1) as appellant=s opposing counsel in the settlement
agreement Jackson did not owe appellant a duty, (2) Jackson has qualified
immunity for all actions taken in the course of litigation, (3) appellant has
presented no evidence supporting any of his causes of action, (4) to the extent
any cause of action does exist, it is barred by the statute of limitations. 








Appellant responded, claiming: (1) Don Jackson had a public
duty to protect the public interest from any wrongdoing by any party involved
in that case or any other case, (2) Don Jackson had a public obligation to ask
any attorney representing appellant to recuse him or herself if Don Jackson had
knowledge such attorney previously represented Highlands Insurance Company, (3)
Don Jackson engaged in conspiracy with James Manley and Claude Masters to
defraud appellant, (4) the court must reset the summary judgment hearing
because appellant did not have adequate time to conduct discovery.  Appellant
did not present any evidence precluding the trial court=s granting Jackson=s no-evidence summary judgment
motion.  Because we find Jackson=s no-evidence portion of his motion
dispositive of this appeal, it is only necessary to address that portion of his
motion.    

A.        Standard
of Review

The standard of review used to evaluate a mixed motion for
summary judgment is set out above in section I. A. 

B.        Analysis

Appellee Jackson filed no-evidence motions as to all of
appellant=s alleged causes of action.  As discussed below, appellant fails to
present competent summary judgment evidence on any of his causes of action. 

1.         Fraud

To recover on an action for fraud, the plaintiff must prove:
(1) a material representation was made, (2) the representation was false, (3)
when the speaker made the representation, he knew it was false or made it
recklessly without knowledge of the truth as a positive assertion, (4) the
speaker made it with the intention that it should be acted upon by the party,
(5) the party acted in reliance upon it, and (6) the party thereby suffered
injury.  Solutioneers Consulting, Ltd., 237 S.W.3d at 385.  Jackson asserts
appellant cannot produce a scintilla of competent summary judgment evidence to
support any of the elements of his claims for fraud, conspiracy to defraud, or
constructive fraud.  








Appellant responds by claiming, ADon Jackson with James Manley, Claude
Masters to have been guilty to such conspiracy to defraud plaintiff Fred Samson
and takes advantage of his illness and not much knowledge of medical or legal
issues[sic].@  Appellant=s argument is conclusory and raises no evidence as to any of
the elements of fraud.  Summary judgment evidence is considered conclusory if
it does not provide the underlying facts to support the conclusion.  Dolcefino
v. Randolph, 19 S.W.3d 906, 930 (Tex. App.CHouston [14th Dist.] 2000, pet.
denied).  Appellant points to no underlying facts supporting his contention of
fraud.  Appellant has failed to present competent evidence of a single element
of fraud.  The trial court did not err in granting Jackson=s no-evidence summary judgment motion
on the issue of fraud.

2.         Intentional
Infliction of Emotional Distress

To recover on an action for intentional infliction of
emotional distress, a party must prove: (1) the defendant acted intentionally
or recklessly, (2) the defendant=s conduct was extreme and outrageous,
(3) the defendant=s actions caused the plaintiff emotional distress, and (4)
the resulting emotional distress was severe.  Hoffman-La Roche Inc., 144
S.W.3d at 445.  Jackson asserts appellant cannot produce a scintilla of
competent summary judgment evidence to support his claim for intentional
infliction of emotional distress. 

Appellant does not present any evidence or make any argument
regarding his intentional infliction of emotional distress claim.  The trial
court did not err in granting Jackson=s summary judgment motion on this
claim.

3.         Breach
of Contract 

To recover on an action for breach of contract, a plaintiff
must prove: (1) the existence of a valid contract, (2) performance or tendered
performance by the plaintiff, (3) breach of the contract by the defendant, and
(4) damages sustained by the plaintiff as a result of the breach.  Aguiar,
167 S.W.3d at 450.  Jackson asserts appellant cannot prove a scintilla of
competent summary judgment evidence to support a single element of breach of
contract or breach of employment contract.  








Appellant presents no evidence as to a single element of his
claim for breach of contract.  Furthermore, appellant makes no argument
regarding his breach of contract claim.  The trial court did not err in
granting Jackson=s motion for summary judgment on this claim. 

4.         Civil
Conspiracy

To recover on an action for civil conspiracy, the plaintiff
must prove: (1) the defendant and another person acted together, (2) they acted
to accomplish an object (an unlawful purpose or a lawful purpose by unlawful
means), (3) they had a meeting of the minds on the object or course of action,
(4) they committed one or more unlawful acts, and (5) the plaintiff suffered
damages as the proximate result of the unlawful acts.  Ins. Co. Of N. Am.,
981 S.W.2d at 675.  Jackson asserts appellant cannot produce a scintilla of
competent summary judgment evidence to support a single element of his claim
for conspiracy.  

Appellant merely alleges Jackson engaged in conspiracy with
Fred Samson and the other defendants to take advantage of the appellant=s lack of legal training, lack of
education, and poor health.  Appellant presents no evidence, other than
conclusory allegations.  Mere conclusory statements do not constitute effective
summary judgment proof and need not be given the same presumptive force as
allegations of fact.  Segura, 907 S.W.2d at 508.  The trial court did
not err in granting Jackson=s no-evidence motion for summary judgment on this claim.  

5.         Conversion
and Civil Theft

To establish a claim for conversion, a plaintiff must prove:
(1) title, (2) right to possession, and (3) a demand for the return of the
property unless the possessor=s acts manifest a clear repudiation of the plaintiff=s rights.  El Paso Prod. Co.,
112 S.W.3d at 625.  Jackson asserts appellant cannot produce a scintilla of
competent summary judgment evidence to support a single element of his claims
for conversion and/or civil theft.  








Appellant presents no evidence nor makes an argument
regarding his claim for conversion.  His claim for conversion and/or civil
theft is wholly unsupported.  The trial court did not err in granting Jackson=s no-evidence motion for summary
judgment on this claim.   

6.         Violation
of Bulk Sales Act 

For the same reasons we held the Bulk Sales Act did not apply
to appellee Manley, we hold it does not apply to appellee Jackson. 
Furthermore, even assuming the Act had not been repealed, appellant presented
no evidence of a transfer in bulk as required by the act.  The trial court did
not err in granting Jackson=s no-evidence motion for summary judgment on this claim.  

7.         Summary
Judgment was properly granted for Don Jackson

Appellant did not present even a scintilla of evidence on any
of his causes of action.  Therefore, the trial court did not err in granting
Jackson=s no-evidence motion for summary
judgment as to each cause of action alleged by appellant.  

Conclusion

We affirm the judgments of the trial court
granting both Manley=s and Jackson=s motions for
summary judgment on all causes of action.  

 

 

/s/                                                          /s/      John
S. Anderson

Justice

 

 

 

Panel consists of Justices Anderson, Guzman, and Boyce.

 









[1]  The factual recitation is stated in the light most
favorable to the non-movant, indulging every reasonable inference, and
resolving any doubts against the motion.  City of Keller v. Wilson, 168
S.W.3d 802, 824 (Tex. 2005); Mathis v. Restoration Builders, Inc., 231
S.W.3d 47, 50 (Tex. App.CHouston
[14th Dist.] 2007, no pet.).





[2]  In his brief, appellant claims he never saw or knew
about the award of the Industrial Accident Board.





[3]  Appellant was represented by attorney Howard Thompson
during proceedings with the Industrial Accident Board and when he filed suit to
set aside his award.  





[4] Appellant is not proficient in his use of the English
language, as his native language appears to be Polish.