**DISMISS and Opinion Filed July 27, 2022**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

_____

**No. 05-22-00421-CV**
_____

**IN THE INTEREST OF N.A.G.A., A CHILD**

**On Appeal from the 304th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. JC-20-00439-W**

## MEMORANDUM OPINION

Before Justices Molberg, Reichek, and Garcia
Opinion by Justice Garcia

This appeal follows the trial court's final order concerning conservatorship of a child. The appeal was filed by the child's foster parents who contend that they intervened in the underlying suit.

After reviewing the record and finding nothing that reflected that the foster parents had timely intervened in the underlying suit before the final order was signed, we directed the parties to file letter briefs addressing whether foster parents have standing in this appeal.[1] *See State v. Naylor*, 466 S.W.3d 783, 787 (Tex. 2015) ("appellate standing is typically afforded 'only to parties of record'") (quoting *Gunn*

_____

[1] The parties complied with our directive and filed supplements to the reporter's record and the clerk's record.

*v. Cavanaugh*, 391 S.W.2d 723, 724-25 (Tex. 1965)); *Johnston v. Crook*, 93 S.W.3d 263, 268 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) ("[A]n intervenor is a party for purposes of appeal only if (1) she timely files a [plea of intervention], and (2) the trial court does not strike the pleading before the entry of a final judgment.").

On the same day this appeal was filed, foster parents also filed a petition for writ of mandamus challenging the trial court's final order and the denial of a restraining order. On July 5, 2022, we dismissed the mandamus petition for lack of jurisdiction, concluding, *inter alia*, that foster parents lack standing to challenge the final order because they failed to intervene before the final order was signed. *In re B.D.*, No. 05-22-004-22-CV, 2022 WL 2437594, at *1 (Tex. App.—Dallas Jul. 5, 2022, orig. proceeding). That determination is now the law of the case. *See BSP Mktg., Inc. v. Standard Waste Sys., Ltd.*, No. 05-03-00518-CV, 2004 WL 119235, at *2 (Tex. App.—Dallas Jan. 27, 2004, no pet.) (law of the case doctrine appliable to original proceedings); *Rayne v. Tupelo Mgmt., LLC*, No. 02-21-00071-CV, 2022 WL 60722, at *2 (Tex. App.—Fort Worth Jan. 6, 2022, no pet.) (prior standing determination was law of the case); *Briscoe v. Goldmark Corp.*, 102 S.W.3d 714, 716 (Tex. 2003) (law of case is principle under which question of law decided on appeal governs case through subsequent stages).[2]

---

[2] Although the law of the case is discretionary and we may reconsider if our decision is clearly erroneous, *see id*. at 716–717, we find no basis for reconsideration here.

The record reflects that foster parents did not timely intervene before the final order, and as established in the mandamus proceeding, lack standing to challenge the underlying order. *See Naylor*, 466 S.W.3d at 787. Accordingly, we dismiss the appeal. *See id*.; *see also* TEX. R. APP. P. 42.3(a).

/Dennise Garcia/
DENNISE GARCIA
JUSTICE

220421F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF N.A.G.A., A CHILD,

No. 05-22-00421-CV

On Appeal from the 304th Judicial District Court, Dallas County, Texas
Trial Court Cause No. JC-20-00439-W.
Opinion delivered by Justice Garcia. Justices Molberg and Reichek participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED** for want of jurisdiction.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered July 27, 2022.