**George MATHIS, Jr., Appellant**

v.

**RESTORATION BUILDERS, INC., Appellee.**

**No. 14–05–00996–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

May 22, 2007.

Robert Joseph Killeen, Jr., Jay Alan McKendree, Houston, for appellant.

Chris C. Pappas, Robert Alan York, Houston, for appellee.

Panel consists of Justices FOWLER, EDELMAN, and FROST.

## MAJORITY OPINION

WANDA McKEE FOWLER, Justice.

Appellant, George Mathis, Jr. (Mathis), appeals from a summary judgment in favor of appellee, Restoration Builders, Inc. (Restoration). Restoration moved for summary judgment on both traditional and no-evidence grounds. The trial court expressly granted summary judgment on the ground that Mathis produced no evidence of causation. Mathis appeals, claiming that he raised a genuine issue of material fact by presenting conflicting testimony from Restoration's president, Robert Granberry. Mathis also contends that the court erred in granting the no-evidence summary judgment because he was entitled to an inference of liability under the doctrine of *res ipsa loquitur*. Because we find Mathis raised a genuine issue of material fact in his response to the no-evidence

summary judgment motion, we reverse and remand for further proceedings.

### Factual and Procedural Background

On October 30, 2001, Mathis visited a building owned by Petersen to review the property so he could propose a bid on wrought iron work. Mathis fell through a hole in the building's elevated slab. The hole had been covered by a piece of cardboard. He landed on the concrete flooring below, and sustained injuries to his head, neck, and torso. Mathis brought suit against Petersen and Restoration, claiming negligence and negligence per se.

Restoration moved for summary judgment, claiming there was no evidence of causation as to the negligence claim, and no evidence of any element of negligence per se. Restoration also moved for traditional summary judgment on the basis of the affirmative defenses of intervening and new and independent causes. The trial court expressly granted the summary judgment based on its finding that no evidence of causation existed, thus disposing of both the negligence and negligence per se causes of action on Restoration's no-evidence summary judgment action. The trial court denied the traditional motion for summary judgment based on intervening and new and independent causes.[1] The court severed all claims between Mathis and Restoration from the original suit, and this appeal followed.

### Analysis

### I. Conflicting Testimony Raised a Fact Issue

Mathis's reply to Restoration's motion for summary judgment purported to raise a fact issue as to causation. The pertinent evidence amounts to conflicting statements by Restoration's president, Robert Granberry, that Restoration both did and did not cover the hole at issue in this case. The statement that the hole was covered came from a deposition of Granberry, and the statement that the hole was not covered by Restoration came from an affidavit in support of a prior motion for summary judgment.

### A. Standard of Review

■ A no-evidence summary judgment is essentially a pretrial directed verdict, and we apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict. *King Ranch, Inc. v. Chapman,* 118 S.W.3d 742, 750–51 (Tex. 2003). We review the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion. *City of Keller v. Wilson,* 168 S.W.3d 802, 824 (Tex.2005). However, per *City of Keller,* although we "must consider all the summary judgment evidence on file, in some cases, that review will effectively be restricted to the evidence contrary to the motion." *Id.* at 825. Thus, in this case, our review is limited to the evidence favoring Mathis that was attached to the Response to the Motions for Summary Judgment, even though the body of Restoration's Motion for Summary Judgment, which was both a traditional and no-evidence motion, contained testimony on which Restoration relied. *Id.;* Tex. R. Civ. P. 166a(i). A no-evidence summary judgment is improperly granted if the respondent brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact. *King Ranch,* 118 S.W.3d at 751. More

---

1. Accordingly, we will not review Restoration's traditional motion for summary judgment.

than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Id.* (quoting *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex.1997)).

We turn now to the evidence Mathis presented. As we noted earlier, our inquiry is restricted to whether Mathis raised a fact issue as to causation, because the trial court granted the no-evidence motion as to causation, which is relevant to both negligence and negligence per se.

**B. Mathis's Evidence Raises an Issue as to Causation**

The evidence Mathis attached to his response accomplished two things: First, it showed that Granberry, the President of Restoration, knew about the hole and took steps to ensure the safety of his people by covering it when workers were not using the hole to extract refuse. Second, the evidence created a fact issue as to whether Restoration covered the hole when it left the premises. It created a fact issue because it contained conflicting statements by Granberry that Restoration both did and did not cover the hole at issue in this case. Both statements, one made during a deposition, the other in an affidavit, were very precise and direct in nature, specifically referred to the hole that caused Mathis's injuries, and were completely contradictory.

**1. Cause in Fact**

■■■ Restoration first contends that whether the hole was covered or not raises no genuine issue of material fact as to causation of Mathis's injuries. The elements of causation are cause in fact and foreseeability. *Western Invs., Inc. v. Urena*, 162 S.W.3d 547, 551 (Tex.2005). Cause in fact is established when the act or omission was a substantial factor in bringing about the injuries, and without it, the harm

would not have occurred. *IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 799 (Tex.2003). Cause in fact is not established when the defendant's negligence does no more than furnish a condition which makes the injuries possible. *Id.* Any act of negligence that does no more than put a person in a particular place at a particular time is too remote to constitute legal cause. *Roberts v. Healey*, 991 S.W.2d 873, 878–79 (Tex. App.-Houston [14th Dist.] 1999, pet. denied). In explaining cause in fact, the supreme court has said:

> In order to be a legal cause of another's harm, it is not enough that the harm would not have occurred had the actor not been negligent. * * * [T]his is necessary, but it is not of itself sufficient. The negligence must also be a substantial factor in bringing about the plaintiff's harm. The word "substantial" is used to denote the fact that the defendant's conduct has such an effect in producing the harm as to lead reasonable men to regard it as a cause, using that word in the popular sense, in which there always lurks the idea of responsibility, rather than in the so-called "philosophic sense," which includes every one of the great number of events without which any happening would not have occurred. Each of these events is a cause in the so-called "philosophic sense," yet the effect of many of them is so insignificant that no ordinary mind would think of them as causes.

*Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 472 (Tex.1991) (quoting Restatement (Second) of Torts § 431, cmt. a (1965)).

Thus, regarding the cause in fact prong of causation, the salient inquiry is whether the summary judgment evidence, viewed in the light most favorable to Mathis, could enable a juror to reasonably believe that Restoration did not merely create the con-

ditions making the injuries possible, but was negligent in such a way that it ought to bear some responsibility for causing the harm. Here, Restoration's negligence, if any, is not so attenuated that it is only a cause in the philosophical sense. Rather, if Restoration left the hole uncovered—as its President, Robert Granberry, stated under oath—that act, though an indirect proximate cause, could cause someone to cover the hole with a defective material such as cardboard, which someone did in this case, directly causing Mathis's injuries. In this way, the failure to cover the hole could have been a substantial factor in bringing about Mathis's harm. *See Dew v. Crown Derrick Erectors, Inc.,* 208 S.W.3d 448, 453 (Tex.2006) (plurality opinion) (holding that because removal of a rope barrier around an open hole in the floor of an oil platform was a foreseeable intervening force, platform erector was not entitled to an instruction on new and independent cause). Thus, Mathis's summary judgment evidence is sufficient to raise a fact issue as to cause in fact.

### 2. Foreseeability

■ The second prong of causation—foreseeability—also is met. Foreseeability means that the actor, as a person of ordinary intelligence, should have anticipated the dangers that his negligent act created for others. *Travis v. City of Mesquite,* 830 S.W.2d 94, 98 (Tex.1992). Mathis easily meets the foreseeability requirement, because the type of harm that a person of ordinary intelligence would anticipate from the negligent act is the type of harm that occurred. A hole in the floor, which opens into a basement area, poses a risk that a person might fall through the hole and suffer injury as a result. If a hole was left uncovered on a work site, it is quite foreseeable that someone would attempt to cover the hole and might choose an ineffective material. This is precisely what hap-

pened in this case. Thus, the harm was entirely foreseeable.

### 3. Restoration's Argument that the Statements Are Not Inconsistent Fails

■ Restoration next argues that there is no inconsistency in the testimony of Restoration's president. On the face of the statements, they are clearly contradictory. In his affidavit, Granberry states "Restoration Builders did not dig or cover any holes on the property at issue, including, but without limitation to the hole at issue which has been described as 'a hole next to a wall about twenty to thirty feet (20'–30') from a sidewalk which is covered by cardboard.'" In his deposition testimony, he stated that "As far as the hole itself, ... I personally used powder actuated nails to [i]mbed the [steel] plate ... over the hole."

Restoration attempts to explain away this inconsistency by referring us to further deposition testimony by which Granberry explains that in the affidavit he was trying to say that Restoration never covered the hole *with cardboard.* However, we cannot consider this testimony because it was not before the trial court, and, more importantly that is not what the affidavit said. *See* Tex. R. Civ. P. 166a(c). The trial court had before it only Mathis's evidence in response to the no-evidence motion. *See id.* The trial court could not consider any of the evidence attached to the traditional motion for summary judgment. *See Binur v. Jacobo,* 135 S.W.3d 646, 651 (Tex. 2004). Therefore, the portion of Granberry's deposition in which he explained the affidavit was not in the summary judgment record.

■ Even if the evidence had been before the trial court, we would reach the same result because the deposition testimony explaining away the affidavit would require us to weigh the evidence presented

to resolve a conflict in the testimony. In this case we cannot do that. *See City of Keller*, 168 S.W.3d at 825. Based on the foregoing, we hold that the trial court erred in granting a no-evidence summary judgment on the element of causation. The conflicting testimony presented by Mathis, when viewed in the light most favorable to him, was sufficient to create a genuine issue of material fact.

## II. Res Ipsa Loquitur

 For the sake of judicial economy, we will consider Mathis's res ipsa loquitur argument, even though we have already concluded that the case should be remanded. *See Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 625 (Tex.1996). Res ipsa is a doctrine used when the circumstances surrounding an accident constitute sufficient circumstantial evidence of the defendant's negligence to support such a finding. *Marathon Oil Co. v. Sterner*, 632 S.W.2d 571, 573 (Tex.1982). Res ipsa consists of two factors: 1) the character of the accident is such that it would not ordinarily occur absent negligence; 2) the instrumentality causing the injury is shown to have been under the management and control of the defendant. *Id.* The first factor is necessary to support an inference of negligence, while the second is necessary to support the inference that the negligence was committed by the defendant. *Mobil Chem. Co. v. Bell*, 517 S.W.2d 245, 251 (Tex.1974). The instrumentality need not have been in the constant control of the defendant. *Id.* It is enough that "the defendant was in control at the time that the negligence inferable from the first factor probably occurred, so that the reasonable probabilities point to the defendant and support a reasonable inference that he was the negligent party." *Id.* Res ipsa is not available when multiple defendants exercised control over the instrumentality and any one of them, wholly independent of the others, might have been responsible for the injury. *See Marathon Oil Co.*, 632 S.W.2d at 573–74; *Esco Oil & Gas, Inc. v. Sooner Pipe & Supply Corp.*, 962 S.W.2d 193, 195 (Tex.App.-Houston [1st Dist.] 1998, pet. denied).

The second element has not been satisfied. The summary judgment evidence shows that Restoration used the hole to remove debris from the basement of the building, and that Restoration fenced the site. However, none of this evidence shows that Restoration was in control of the injury-causing instrumentality at the time of Mathis's fall. Mathis, therefore, failed to implicate the res ipsa loquitur doctrine.

Even if Mathis had implicated res ipsa by showing that Restoration had been in control of the instrumentality at some point, the evidence in Mathis's response to the summary judgment motion shows that Restoration left the property in December of 1999. The injury here did not occur until October of 2001. A period of almost two years passed when Restoration was clearly not in control of the premises. Any negligence might be attributable to whomever was in control during that period of almost two years. Therefore, res ipsa cannot apply here. *See Marathon Oil Co.*, 632 S.W.2d at 573–74; *Esco Oil & Gas, Inc.*, 962 S.W.2d at 195.

### Conclusion

Having found that Mathis raised a genuine issue of material fact as to the element of causation, we hold that summary judgment was inappropriate on the negligence and negligence per se causes of action and remand for further proceedings on those claims.

EDELMAN, J. Dissenting.

RICHARD EDELMAN, Justice, dissenting.

I do not agree with the majority opinion that Restoration's failure to cover the hole could be a proximate cause of someone else covering it with a defective material. Therefore, I would not reverse the summary judgment on that basis.