Affirmed and Opinion filed June 4, 2009








Affirmed and Opinion filed June 4, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00229-CV

____________

 

DELEASER L. RIVERS, Appellant

 

V.

 

CHARLIE THOMAS FORD, LTD. D/B/A
CHARLIE THOMAS FORD, Appellee

 



 

On Appeal from the 190th
District Court

Harris County, Texas

Trial Court Cause No. 2006-45433

 



 

O P I N I O N

This is a summary judgment case.  Appellant, Deleaser L.
Rivers, filed suit against appellee, Charlie Thomas Ford, Ltd. d/b/a Charlie
Thomas Ford, asserting numerous causes of action arising out of her purchase of
a 2002 Ford Mustang.  Eventually, the trial court disposed of appellant=s causes of
action  by granting of two motions for summary judgement filed by appellee
which in turn were incorporated into an amended final judgment.  Finding no
error, we affirm.








Factual and Procedural Background

On or about July 27, 2002, appellant purchased a 2002 Ford
Mustang from appellee. To make the purchase, appellant was required to finance
a large part of the purchase price.  To complete the purchase, appellant signed
a Purchase Order and Retail Installment Agreement (the AContract@).  Pursuant to
the Contract, appellant agreed to a cash sale price for the Mustang of
$26,981.62.  As part of her purchase of the Mustang, appellant agreed to buy an
extended warranty from ESP Premium for $1,825.00 and guaranteed auto protection
(AGAP@) insurance for
$420.11.[1]


In addition to the above, the Contract listed several
itemized charges.  These itemized charges included sales tax, dealer=s inventory tax,
license and/or registration fees, certificate of title fees, inspection fees,
deputy service fee, and a documentary fee paid to the seller.  There were also AFederal Truth-in-Lending
Disclosures@ which disclosed the annual percentage rate, finance
charge, amount financed, total of payments, and the total sale price of the
Mustang.  There was also an itemization of the amount financed.  Paragraph 4 of
this section is titled: AOther Charges Including Amounts Paid to
Others on Your Behalf (Seller may keep part of these amounts)@ and it lists the
$1,825.00 paid by appellant for the extended warranty and the $420.11 paid by
appellant for the GAP insurance.  Finally, the Contract contained a notice to
the buyer to not sign the Contract before reading it.








Eventually, appellant became dissatisfied with the terms of
her purchase of the Mustang.  She cancelled the GAP insurance and received a
partial refund of the premium she had paid.  Still apparently dissatisfied,
appellant filed suit alleging appellee committed fraud because the Contract
misrepresented (1) the nature of the itemized charges; (2) to whom the charges
would be paid; and (3) who was obligated to pay certain itemized charges. 
Appellant also alleged appellee violated the Texas Finance Code by (1) failing
to make the disclosures in the Contract required under the Finance Code; (2)
overstating the amount financed and annual percentage rate in the Contract
while understating the finance charge; and (3) including a charge in the
Contract for the dealer=s inventory tax, which appellant alleged
was not authorized by the Finance Code.  Appellant sought statutory fines,
penalties, damages, punitive damages, and attorney=s fees.  Finally,
appellant sought injunctive relief, but not damages, pursuant to section 17.50
of the Deceptive Trade Practices and Consumer Protection Act (ADTPA@).

On March 20, 2007, appellee moved for summary judgment on
each of appellant=s then existing causes of action.  On
March 26, 2007, appellee filed its first supplemental motion for summary
judgment adding additional arguments in support of its motion.

On April 4, 2007 appellant filed her First Amended Petition
in which she clarified the facts underlying her causes of action, added a cause
of action alleging appellee violated the Texas Finance Code when it sold
appellant GAP insurance and deleted the paragraph seeking an injunction
pursuant to the DTPA.[2] 
Appellant filed her summary judgment response on June 21, 2007.  The only
summary judgment evidence attached to appellant=s response was
appellant=s affidavit and a copy of the Contract.








The summary judgment hearing occurred on June 28, 2007. 
The parties agree that during the June 28 hearing, the trial court announced in
open court that summary judgment was granted on appellant=s claims that
appellee had violated the Texas Finance Code, Texas Insurance Code, and
committed fraud by (1) misrepresenting the amount appellee paid ESP Premium for
the extended warranty; (2) overstating the cash price of the Mustang; and (3)
overstating the amount of the annual percentage rate at which appellant=s credit had been
approved by the finance company.  The parties also agree the trial court took
under advisement appellant=s claim that appellee violated the Texas
Finance Code and committed fraud by including a charge for the dealer=s inventory tax in
the Contract.  Finally, appellant=s GAP insurance
claim was not addressed by appellee=s motion.  No
written order was entered at that time.

On July 26, 2007, appellant filed her Second Amended
Original Petition.[3] 
In her second amended original petition, appellant revised her GAP insurance
cause of action from selling the insurance without a license, to selling the
insurance in violation of requirements set forth in section 4055.014 of the
Texas Insurance Code.  Appellant also brought back her request for an
injunction pursuant to section 17.50 of the DTPA.

 On August 22, 2007, appellee filed its first amended
second motion for summary judgment on appellant=s remaining causes
of action, including her DTPA claim.  The presiding judge of the 190th District
Court left the bench without ruling on the pending dealer=s inventory tax
issue or hearing appellee=s second motion for summary judgment.  On
January 17, 2008, the judge of the 189th District Court heard appellee=s second motion
for summary judgment, granted part of the motion, and entered an order that
appellant take nothing on her claims that appellee sold GAP insurance in
violation of the Texas Finance Code and Texas Insurance Code and committed
fraud by doing so.  The 189th District Court trial judge also ruled on the
pending dealer=s inventory tax issue and ordered that appellant take
nothing on that claim as well.  The January 17, 2008 order did not address the
DTPA claim.








Following a pre-trial conference, on February 23, 2008, the
new judge of the 190th  District Court, in response to an Agreed Motion to
Enter Amended Final Judgment,  signed an Amended Final Judgment disposing of
all pending claims, including the DTPA claim.  This appeal followed.

Discussion

In a single issue, appellant challenges the trial court=s Amended Final
Judgment only on appellant=s claims that appellee (1) committed fraud
and violated the Texas Finance Code by allegedly misrepresenting the amount
appellee paid to ESP Premium, the extended warranty company; (2) committed
fraud and violated the Texas Finance Code by misrepresenting the nature of the
dealer inventory tax and who was responsible for paying it; and (3) should be
permanently enjoined from the above specified conduct because it violates
section 17.50 of the DTPA.  We address each claim in turn.[4]

I.        The
standard of review.








This case involves summary judgment motions asserting both
no-evidence and traditional grounds.  In a traditional motion for summary
judgment, the movant has the burden to show there is no genuine issue of
material fact and it is entitled to judgment as a matter of law.  Nixon v.
Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548 (Tex. 1985).  In determining
whether there is a genuine fact issue precluding summary judgment, evidence
favorable to the non-movant is taken as true and the reviewing court makes all
reasonable inferences and resolves all doubts in the nonmovant=s favor.  Id.
at 548B49.  A defendant
who conclusively negates at least one of the essential elements of a plaintiff=s cause of action
is entitled to summary judgment on that claim.  IHS Cedars Treatment Ctr. of
DeSoto, Tex., Inc. v. Mason, 143 S.W.3d 794, 798 (Tex. 2004).  Only when
the defendant establishes its right to summary judgment, does the burden shift
to the plaintiff to come forward with competent, controverting evidence raising
a genuine issue of material fact.  Centeq Realty, Inc. v. Siegler, 899
S.W.2d 195, 197 (Tex. 1995).

In a no-evidence motion for summary judgment, the movant
must specifically state the elements as to which there is no evidence.  Walker
v. Thomasson Lumber Co., 203 S.W.3d 470, 473B74 (Tex. App.CHouston [14th
Dist.] 2006, no pet.).  The trial court must grant the motion unless the
nonmovant produces summary judgment evidence raising a genuine issue of
material fact on each of the challenged elements.  Tex. R. Civ. P. 166a(i).  However, the nonmovant is
not required to marshal its proof; its response need only point out evidence
that raises a fact issue on the challenged elements.  Hamilton v. Wilson,
249 S.W.3d 425, 426 (Tex. 2008).

A no-evidence summary judgment is essentially a pretrial
directed verdict, and we apply the same legal sufficiency standard in reviewing
a no-evidence summary judgment as we apply in reviewing a directed verdict.  Mathis
v. Restoration Builders, Inc., 231 S.W.3d 47, 50 (Tex. App.CHouston [14th
Dist.] 2007, no pet.).  We review the entire record in the light most favorable
to the nonmovant, indulging every reasonable inference and resolving any doubts
against the motion.  City of Keller v. Wilson, 168 S.W.3d 802, 824 (Tex.
2005).  We sustain a no-evidence summary judgment if (1) there is a complete
absence of proof of a vital fact, (2) rules of law or evidence bar the court
from giving weight to the only evidence offered to prove a vital fact, (3) the
evidence offered to prove a vital fact is no more than a  scintilla, or (4) the
evidence conclusively establishes the opposite of a vital fact.  Walker,
203 S.W.3d at 474.  Less than a scintilla of evidence exists when the evidence
offered to prove a vital fact is so weak so as to do no more than create a mere
surmise or suspicion of its existence and, in legal effect, is no evidence.  Ford
Motor Co. v. Ridgway, 135 S.W.3d 598, 601 (Tex. 2004).  More than a
scintilla of evidence exists when the evidence rises to a level that would
enable reasonable and fair-minded people to differ in their conclusions as to
the existence of the vital fact.  Id. 








We review a trial court=s summary judgment
de novo.  Valence Operating Co. v. Dorsett, 164 S.W.3d 656, 661
(Tex. 2005).  When a party moves for summary judgment on both traditional and
no-evidence grounds and the trial court does not specify which it granted, we
can uphold the summary judgment on either ground.  Taylor v. Carley, 158
S.W.3d 1, 8 (Tex. App.CHouston [14th Dist.] 2004, pet. denied).

II.       Did the
trial court err when it granted appellee=s motions for
summary judgment?

A.      The trial
court properly granted appellee=s motion for
summary judgment on appellant=s fraud cause of
action based on the extended warranty charge.

Appellant alleged appellee committed fraud by affirmative
misrepresentation as well as by non-disclosure when it included the $1,825.00
warranty charge as an itemized cost in the Contract.  According to appellant,
appellee affirmatively misrepresented that it would pay the full $1,825.00 on
behalf of appellant to ESP Premium for an extended warranty.  Appellant also
contends appellee committed fraud by non-disclosure because appellee had a duty
to disclose all facts regarding the warranty payment because appellee made a
partial disclosure which conveyed a false impression to appellant.








A party commits fraud by (1) making a false, material
misrepresentation (2) that the party either knows to be false or asserts
recklessly without knowledge of its truth (3) with the intent that the
misrepresentation be acted upon, (4) and the person to whom the
misrepresentation is made acts in reliance upon it, and (5) is injured as a
result.  Formosa Plastics Corp. USA v. Presidio Eng=rs &
Contractors, Inc., 960 S.W.2d 41, 47 (Tex. 1998).   For there to be
actionable fraud based upon non-disclosure, there must be a duty to disclose.  Bradford
v. Vento, 48 S.W.3d 749, 755 (Tex. 2001).  Whether a duty exists is a
question of law.  Id.  While the Texas Supreme Court has not recognized
a fraud cause of action based on the failure to disclose, we have previously
recognized there is a duty to speak when a party has made a partial disclosure
and thereby conveys a false impression.  Anderson, Greenwood & Co. v.
Martin, 44 S.W.3d 200, 213 (Tex. App.CHouston [14th
Dist.] 2001, pet. denied).

On appeal, appellant contends her summary judgment evidence
raised a fact issue on each challenged element of her fraud causes of action
based on the warranty charge, and therefore the trial court erred when it
granted appellee=s motion for summary judgment.  In
response, appellee asserts it was entitled to summary judgment because
appellant failed to produce summary judgment evidence creating a fact issue on
each challenged element of appellant=s extended
warranty fraud causes of action.  We agree with appellee.

The only evidence appellant attached to her summary
judgment response relevant to the warranty charge payment issue was her
affidavit, in which she states: A[appellee] kept
some or all of this money.@  This is a factual conclusion and is
legally insufficient to create a fact issue on the false representation element
of appellant=s fraud cause of action.  See Estate of Gajewsky v.
John Hancock Life Ins. Co., No. 14-04-00748-CV, 2005 WL 1017628, at *3
(Tex. App.CHouston [14th Dist.] May 3, 2005, no pet.) (mem. op.)
(holding that an affidavit comprised of conclusory statements  with no attempt
to show a factual basis for  the  conclusions is insufficient to defeat a no
evidence summary judgment motion).  Therefore, appellant failed to produce more
than a scintilla of evidence that appellee did not pay the entire $1,825.00 to
the extended warranty company.








The same holds true on appellant=s fraud by
non-disclosure cause of action.  The Contract disclosed the following: AOther Charges
Including Amounts Paid to Others on Your Behalf (Seller may keep part of these
amounts).@  Under this section of the Contract appellee  went on
to list the $1,825.00 extended warranty payment.  Appellant, who affirmatively
stated in her affidavit that she relied only on the Contract, has failed to
refer this court to any summary judgment evidence demonstrating appellee did
anything different from what they  represented they would do.  Since appellant
did not meet her summary judgment burden to produce more than a scintilla of
evidence that representations in the Contract created a false impression, we
hold appellant=s summary judgment evidence is insufficient to support
her claim that appellee breached a duty to make a full disclosure to correct a
false impression.

Because appellant failed to meet her summary judgment
burden of producing more than a scintilla of evidence on the above elements of
her extended warranty fraud causes of action, we affirm the Amended Final
Judgment as to appellant=s fraud causes of action based on the
extended warranty.  See Gifford v. Don Davis Auto, Inc., 274 S.W.3d 890,
896 (Tex. App.CFort Worth 2008, no pet.).

B.      The trial
court properly granted appellee=s motion for
summary judgment on appellant=s Texas Finance
Code cause of action based on the extended warranty charge.

Appellant also contends the trial court erred when it
granted summary judgment on her cause of action alleging appellee violated
section 348.005 of the Texas Finance Code, because, according to appellant, the
warranty was fictitious and therefore the warranty charge should not have been
included in the amount financed, which results in the amount financed and the
finance charge being misrepresented.[5] 
In response, appellee asserts appellant=s contention is
without merit as appellant once again failed to produce more than a scintilla
of summary judgment evidence demonstrating appellee made a false representation
regarding the extended warranty charge, the amount financed, and the amount of
the finance charge.  Once again, we agree with appellee.








The only evidence appellant attached to her summary
judgment response relevant to the warranty charge payment issue was her
affidavit, which provides in relevant part:

In connection with the transaction, I was told that I was borrowing
money to pay for an extended warranty on my vehicle and that the sum of
$1,825.00 would be paid to ESP Premium for my extended warranty.  [Appellee]
kept some or all of this money.  If I had known that $1,825.00 was not really
being paid to ESP Premium for the extended service plan, as I was told in the
contract, I would not have agreed to purchase it, and I would not have agreed
to purchase the vehicle from [appellee].

Excluding
the conclusory statement addressed above, this portion of appellant=s affidavit 
constitutes no evidence that the extended warranty at issue here was fictitious
or that appellee withheld some or all of the $1,825.00 from the extended
warranty company.  As a result, appellant did not produce summary judgment
evidence raising a fact issue that appellee violated the Texas Finance Code by
(1) including an itemized charge in the Contract for a fictitious extended
warranty, (2) misrepresenting the amount financed, or (3) misrepresenting the
amount of the finance charge.  Therefore, we affirm the Amended Final Judgment
as to appellant=s Texas Finance Code cause of action based
on the extended warranty.

C.      The trial
court properly granted appellee=s motion for
summary judgment on appellant=s Texas Finance
Code and fraud causes of action based on the Dealer Inventory Tax.

Appellant also alleged appellee violated the Texas Finance
Code and committed fraud, both through affirmative misrepresentation and
non-disclosure, when it included a $62.49 Dealer Inventory Tax charge in the
Contract.  Appellant contends on appeal that the trial court erred when it
granted appellee summary judgment on these causes of action.  We disagree.








The Contract included an itemized charge of $62.49 for ADealer=s Inventory Tax
Paid to Seller.@  According to appellant this charge
violates the Texas Finance Code because it was not actually a tax, but a
payment into an escrow account that would ultimately be used to pay the
inventory tax owed not by appellant, but by appellee.  The Texarkana Court of
Appeals recently addressed this very issue in Feagins v. Tyler
Lincoln-Mercury, Inc., 277 S.W.3d 450, 453B54 (Tex. App.CTexarkana, no pet.
h.) (op. on rehearing).  As in this case, the plaintiff in Feagins
alleged the defendant dealer violated the Texas Finance Code by including a
charge for a Dealer=s Inventory Tax in the itemized charges of
the plaintiff=s installment contract to purchase a vehicle.  Id.
at 453.  The Texarkana court addressed this allegation as follows:

The Texas Consumer Credit Commissioner issued an
advisory letter dated December 22, 1993, and an interpretation dated January
24, 1994.  Both documents conclude that the ADealer=s Inventory Tax@ is a tax and that the law
authorizes passing it on to a customer along with a Ameaningful caption@ such as ADealer=s Inventory Tax@ B precisely what Dealer did in Feagins= transaction.

Title 4 of the Texas Finance Code - entitled the
Texas Credit Title and spanning sections 301.001B371.306 - is not violated if the challenged action Aconforms to an interpretation of@ Title 4 by the Consumer Credit
Commissioner under Section 14.108 of the Texas Finance Code, so long as the
interpretation is in effect at the time of the challenged act or omission. 
Tex. Fin. Code Ann. ' 303.401 (Vernon 2006).  Because of
that statutory authority of the Consumer Credit Commissioner and the
above-referenced rulings, we hold that the Texas Finance Code was not violated
by the entry charging the ADealer=s Inventory Tax.@

Id. at 453B54.

We find the Texarkana court=s reasoning
persuasive and adopt it here.  Because appellee disclosed the inventory tax to
appellant using language approved by the Texas Consumer Credit Commissioner, we
hold appellee did not violate the Texas Finance Code by including the $62.49
inventory tax in the amount financed.  See id., DiBello v. Charlie
Thomas Ford, Ltd., --- S.W.3d ---, No. 01-08-00549-CV, 2009 WL 566442, at
*2B3 (Tex. App.CHouston [1st
Dist.] March 5, 2009, no pet. h.).  We affirm the Amended Final Judgment as to
appellant=s Texas Finance Code cause of action based on the
inclusion of the Dealer Inventory Tax in the amount financed.








In addition, we hold appellant failed to raise a fact issue
on her fraud cause of action  regarding the inventory tax.  In her affidavit,
appellant states: AIn connection with the purchase, I was
charged a vehicle inventory tax of $62.49.  I relied on [appellee=s] representations
to me as presented in the contract and buyers [sic] order that this was a tax I
owed.@  As discussed
above, appellee=s use of ADealer=s Inventory Tax
Paid to Seller@ has been approved by the Texas Consumer Credit
Commissioner for inclusion in retail installment contracts.  DiBello,
--- S.W.3d ---, 2009 WL 566442, at *3.  In addition, the First Court of Appeals
has determined that, without other evidence of misrepresentations, the use of
the phrase ADealer=s Inventory Tax Paid to Seller@ is insufficient
to support a fraud cause of action.  Id. at *4.  Because the only
evidence appellant produced in response to appellee=s motion for
summary judgement was the Contract=s use of the
phrase ADealer=s Inventory Tax
Paid to Seller,@ we hold she failed to create a fact issue
that (1) appellee made an affirmative misrepresentation regarding the Dealer
Inventory Tax, and (2) conveyed a false impression regarding the Dealer
Inventory Tax.  Therefore, we affirm the Amended Final Judgment as it relates
to appellant=s fraud causes of action based on the Dealer Inventory
Tax.

D.      The trial
court properly granted appellee=s motion for
summary judgment on appellant=s DTPA cause of
action.








In her Original Petition, appellant sought injunctive
relief under section 17.50(b)(2) & (4) of the DTPA enjoining appellee from
its allegedly wrongful conduct harming Texas consumers.  Prior to the hearing
on appellee=s first motion for summary judgment, appellant filed
her First Amended Petition abandoning her cause of action under the DTPA. 
Then, in her Second Amended Petition, appellant revived the cause of action
seeking injunctive relief.  Citing Rule 166a(c) of the Texas Rules of Civil
Procedure,[6]
appellee contends on appeal that since appellant did not seek the trial court=s permission to
file her second amended petition, her DTPA cause of action had been abandoned
and was not before the trial court.  Assuming without deciding appellant=s DTPA cause of
action was timely plead and before the trial court, we conclude the trial court
properly granted appellee=s motion for summary judgment on the DTPA
cause of action.

To obtain injunctive relief under the DTPA, a plaintiff
must show that the acts sought to be enjoined were a producing cause of damage
to other consumers.  See David McDavid Pontiac, Inc. v. Nix, 681 S.W.2d
831, 839 (Tex. App.CDallas 1984, writ ref=d n.r.e.).  As one
basis for summary judgment on appellant=s DTPA cause of
action, appellee asserted appellant had no evidence that appellee=s allegedly
wrongful conduct was a producing cause of damage to consumers.  In her summary
judgment response as well as here on appeal, appellant has not pointed out any
evidence in the appellate record raising a fact issue on that element of her
injunction cause of action.  Therefore, we affirm the Amended Final Judgment as
it relates to appellant=s DTPA cause of action.

Conclusion

Having overruled all arguments raised in appellant=s single issue on
appeal, we affirm the trial court=s Amended Final
Judgment.

 

 

 

 

/s/      John S. Anderson

Justice

 

 

 

Panel consists of
Chief Justice Hedges and Justices Anderson and Seymore.  









[1]  GAP insurance is insurance to reimburse the retail
buyer for the amount computed by subtracting the proceeds of the insured=s basic collision policy on the motor vehicle from the
amount owed on the vehicle if the vehicle has been rendered a total loss.  Tex.
Fin. Code Ann. ' 348.208(b)(4) (Vernon 2006).





[2]  This First Amended Original Petition was her live pleading when the
trial court heard appellee=s first motion for summary judgment on June 28, 2007. 





[3]  Appellant styled the July 26, 2007 amended pleading
as APlaintiff=s
First Amended Original Petition.@ 
Because appellant had previously filed a First Amended Original Petition, we
refer to the July 26, 2007 petition as the Second Amended Original Petition.





[4]  Because appellant has not challenged the trial court=s Amended Final Judgment on
appellant=s remaining causes of action,
appellant has waived any potential error on those causes of action and those
portions of the Amended Final Judgment are affirmed.  Jacobs v. Satterwhite,
65 S.W.3d 653, 655B56 (Tex. 2001).





[5]  Section 348.005 of the Texas Finance Code provides
in relevant part: AAn amount in a retail installment contract is an
itemized charge if the amount is not included in the cash price and is the
amount of: . . . (4) charges authorized for insurance, service contracts, or
warranties by Subchapter C.@  Tex. Fin.
Code Ann. ' 348.005(4) (Vernon 2006).  Section 348.208(b) of
Subchapter C provides in relevant part: AA
retail installment contract may include as a separate charge an amount for: . .
. (5) a warranty or service contract relating to a motor vehicle.@  Id. at '
348.208(b)(5).





[6]  The relevant part of Rule 166a(c) provides: AThe judgment sought shall be rendered forthwith if . .
. (ii) the pleadings, . . . on file at the time of the hearing, or filed
thereafter and before judgment with permission of the court, show that . . .
there is no genuine issue as to any material fact . . . .@  Tex. R. Civ. P.
166a(c).