COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS

 

 


 
 
  
 TEREX UTILITIES, INC.,
  
                            
 Appellant,
  
 v.
  
 REPUBLIC INTELLIGENT TRANSPORTATION
 SERVICES, INC.,
  
                            
 Appellee.
 
 
  
   '
     
   '
     
   '
     
   '
     
   '
     
  '
 
  
 
 
  
  
                   No. 08-11-00342-CV
  
 Appeal from the
  
 County
 Court at Law No. 2
  
 of Tarrant
 County, Texas
  
 (TC# 10-84639-2)
  
 
 


 

                                                                  O
P I N I O N

Appellant, Terex Utilities, Inc., appeals
from the trial court’s order denying its traditional motion for summary
judgment and granting traditional summary judgment in favor of Republic
Intelligent Transportation Services, Inc., Appellee.[1]  We affirm in part and reverse in part the
trial court’s judgment.

BACKGROUND

Pursuant to written contract executed on or
about August 23, 2007, Terex rented to Republic a “custom TEREX Commander model
hydraulic rotating digger derrick truck,” (the truck) which Terex describes as “a
custom piece of specialty equipment specifically manufactured for Terex [that is] not readily available
on the open market.”[2]  On September 8, 2009, while being operated by
a Republic employee, representative, or agent, the truck was damaged beyond
repair in a single-vehicle rollover accident.

The rental contract contained a loss-or-damage
provision whereby Republic agreed to pay Terex for all losses and damages,
including the full-replacement value of the equipment occasioned by accident occurring
during the term of the rental agreement. 
The contract also required that Republic maintain insurance coverage
during the rental period and that Republic’s insurance policy or its endorsements
contain language providing for the repair or replacement of the equipment at
full-replacement cost.

After Republic tendered $100,075.13 as
payment for the loss of the truck, Terex filed suit for negligence and breach
of contract seeking damages of $38,000, pre- and post-judgment interest,
attorneys’ fees, and court costs.  In its
answer, Republic generally denied Terex’s allegations and asserted an
affirmative defense of unjust enrichment.  Terex and Republic thereafter filed competing
summary-judgment motions.

In its traditional summary-judgment motion, as
in its original petition, Terex asserted that the full-replacement cost of the
truck was $138,273.50, and argued that it had proven the essential
breach-of-contract elements including:  (1)
existence of a valid contract, (2) Terex’s performance of the terms of the contract,
(3) Republic’s breach of the contract by failing to pay the full-replacement value
of the truck, and (4) actual damages of $38,198.37.  Tex.
R. Civ. P. 166a(c); Rice v.
Metropolitan Life Ins. Co., 324 S.W.3d 660 (Tex.App. – Fort Worth 2010, no
pet.).  In support of its motion, Terex
provided evidence of a written quotation provided by Terex Utilities to Terex
Utilities Rental for a new, 2009 “model hydraulic rotating digger derrick with
a turntable winch” utilizing a 2009 Ford F-750 chassis at a cost of $138,
273.50, accompanied by a quote cost sheet in support of the written price quote
with no profit mark-up.  Terex also presented
evidence of its pre-suit demand letters to Republic as well as the affidavit of
Terex’s risk management director who averred that the full-replacement cost of
the truck was $138,273.50, of which Republic had paid Terex only $100,075.13.[3]

In its hybrid motion for both traditional
and no-evidence summary judgment, Republic asserted that Terex was seeking to
recover the full-replacement cost of a new 2009 truck but was entitled to
receive the full-replacement value of the 2007 truck that was destroyed.  In its no-evidence motion for summary
judgment, Republic contended that because Terex had presented no evidence or
only a scintilla of evidence of non-economic injuries proximately caused by
Republic, Terex was precluded from recovering under its negligence claim as the
loss was the subject matter of a contract.  In support of its traditional summary-judgment
motion, Republic asserted that:  (1)
Terex is barred from bringing a negligence claim because its alleged loss is
based in contract and not in tort; (2) Republic did not breach the contract
because the terms of the contract provide for the replacement of the 2007 truck,
and Terex’s requested relief in the form of a 2009 truck with similar features
is not within the scope of the contract; (3) the relief sought by Terex is not
the proper measure of damages; and (4) it did not breach the contract because
it exercised its purchase option under Section 14 of the contract by paying the
purported fair market value of the equipment before the damage occurred in
exchange for the salvage title to the 2007 truck.

After considering objections, responses, and
replies filed by the parties, the trial court denied Terex’s summary-judgment
motion, granted Republic’s hybrid summary-judgment motion, ordered that Terex
take nothing from Republic, and dismissed with prejudice Terex’s causes of
action against Republic.

DISCUSSION

            Terex appeals from the trial court’s
denial of its summary-judgment motion and grant of Republic’s traditional
summary-judgment motion.[4]

Standard of Review

We review a trial court’s summary judgment de
novo.  Mann Frankfort Stein &
Lipp Advisors, Inc. v. Fielding, 289 S.W.3d 844, 848 (Tex. 2009).  Our review is limited to consideration of the
evidence presented to the trial court.  Mathis
v. Restoration Builders, Inc., 231 S.W.3d 47, 52 (Tex.App. – Houston [14th
Dist.] 2007, no pet.).

When both parties move for summary judgment,
one of which is denied and the other granted, we consider all the summary
judgment evidence and determine all issues presented.  Valence Operating Co. v. Dorsett, 164
S.W.3d 656, 661 (Tex. 2005).  We must
consider all grounds presented in both motions and render the judgment the
trial court should have rendered.  Id. 
If any of the summary-judgment grounds are meritorious, we must affirm
the summary judgment.  Texas Workers’ Compensation Com’n v. Patient
Advocates of Texas, 136 S.W.3d 643, 648 (Tex. 2004).

The party moving for traditional summary
judgment bears the burden of showing that no genuine issue of material fact
exists and that he is entitled to judgment as a matter of law.  Tex.  R. Civ. P. 166a(c); Sw. Elec. Power Co. v. Grant, 73 S.W.3d
211, 215 (Tex. 2002); Bell v. VPSI, Inc.
205 S.W.3d 706, 712 (Tex.App. – Fort Worth 2006, no pet.).  The burden of proof is on
the movant and we resolve all doubts about the existence of a genuine issue of
material fact against the movant.  Sw. Elec. Power Co., 73 S.W.3d at 215; Bell, 205 S.W.3d at 712.  To
determine if the non‑movant raises a fact issue, we review the evidence
in the light most favorable to the non‑movant, crediting favorable
evidence if reasonable jurors could do so, and disregarding contrary evidence
unless reasonable jurors could not.  See
Fielding, 289 S.W.3d at 848 (citing City of Keller v. Wilson, 168
S.W.3d 802, 827 (Tex. 2005)).  However, a
moving party who conclusively negates a single essential element of a cause of
action or conclusively establishes an affirmative defense is entitled to
summary judgment on that claim.  Frost
Nat. Bank v. Fernandez, 315 S.W.3d 494, 509 (Tex. 2010); East Hill Marine, Inc. v. Rinker Boat Co.,
Inc., 229 S.W.3d 813 815-16 (Tex.App. – Fort Worth 2007, pet. denied).

Analysis

            Terex challenges
the trial court’s order denying its summary-judgment motion and granting
Republic’s traditional summary-judgment motion. 
Therefore, our analysis is limited to consideration of Terex’s
breach-of-contract claim and whether the trial court’s summary-judgment rulings
thereon were erroneous.

Denial of Terex’s Traditional Summary-Judgment
Motion

            To recover
for breach of contract and obtain a summary judgment thereon in its favor,
Terex was required to show that there was no genuine issue of material fact and
that it had, as a matter of law, proven the elements of a breach-of-contract
cause of action:  (1) the existence of a
valid contract; (2) its performance or tendered performance; (3) Republic’s
breach of the contract; and (4) that Terex has suffered damages as a result of
Republic’s breach.  Tex. R. Civ. P. 166a(c); Rice v. Metropolitan Life Ins. Co., 324
S.W.3d 660, 666 (Tex.App. – Fort Worth 2010, no pet.).

            The contract
expressly provides that Republic, as Lessee, will pay Terex, as Lessor “for all
loss and damages, including without limitation the full replacement value of
the Equipment . . . .”  Through the
invoices submitted in support of its pre-suit demand letters and in support of
its motion for summary judgment, Terex has implicitly identified that the rented
equipment is a 2007 model truck.  Republic’s
summary-judgment evidence, too, includes a photograph identifying that the
truck is a 2007 model.  Therefore, no
genuine issue of material fact exists regarding the fact that the lost or
damaged “equipment” for which Republic agreed to pay the full-replacement value
is a 2007 model truck.

            Terex
contends, however, that the loss-and-damages clause of the rental agreement
requires payment for the full-replacement value of a new 2009 truck and, in
support of its motion for summary judgment, submitted documentation to
establish that the full-replacement value of a 2009 truck is $138, 273.50.  “Full replacement value” is a term not
defined within the contract and its meaning is disputed by the parties.  Terex asserted in its pre-suit demand letters
to Republic that the term means “the current cost of replacing a fixed asset
with a new one of equal effectiveness,” and argued that the term was not
limited to the destroyed truck’s market value or actual cash value (ACV).  Terex’s evidence included invoices showing
that a 2007 truck was sold for $119,620.65 in January 2009, approximately seven
months before Terex’s truck was destroyed, and another was sold for $131,595 in
March 2010, approximately six months after the accident.  However, the invoices do not reflect the mileage
of either truck sold or whether the custom features included on each truck are
the same as or differ from that of the destroyed vehicle.

            In support
of its response to Terex’s summary-judgment motion, Republic submitted a
business-records affidavit from Marivel Gomez, a claims specialist for
Gallagher Bassett Services, Inc., which retained Property Damage Appraisers for
the purpose of providing an appraisal for the 2007 truck, which had been driven
a total of 30,790 miles.  Property Damage
Appraisers’ total loss condition report reflects three dealer quotes from
truckpaper.com for $100,000, one dealer quote from truckpaper.com for $105,000,
and an average dealer quote of $101,250, which is noted as the suggested ACV of
the 2007 truck.[5]  No supporting documentation regarding the
dealer quotes is included in the record. 
Although the total loss condition report contains a specific section
entitled “Special Equipment,” the section is blank and fails to identify that
the leased 2007 truck had custom equipment or features.  The report also fails to specify or provide
supporting documentation to show that the dealer quotes recited therein were
for a 2007 truck with the custom features of the vehicle leased by Terex to
Republic.  In her affidavit, Gomez notes
her reliance upon the report as the basis for paying $100,975.13 to Terex.

Grant of Republic’s Motion for Summary
Judgment

In its traditional motion for summary
judgment, Republic preliminarily argued that Terex’s claims sound in contract
rather than tort.  As Terex does not
raise on appeal any issue regarding its original negligence claim or the trial
court’s no-evidence summary judgment thereon, we need not address this
argument.

Republic agrees that the contract provides
that it will pay Terex the full-replacement value of the 2007 truck.  In its summary-judgment motion, however, Republic
argued Terex was required to prove the existence of a valid contract and that
its claim was within the scope of its contractual duty to establish a prima
facie case of breach of contract. 
Republic then argued that the relief Terex seeks is not part and parcel
of the contract because Republic has no obligation under the terms of the
contract to replace the 2007 leased vehicle with a 2009 vehicle, no
consideration was given for anything other than a 2007 truck, and Republic has
paid for the destroyed truck.  Therefore,
Republic contends it did not breach the contract.

In its response, Terex correctly noted that
Republic had failed to cite any legal authority for its assertion that Terex
had failed to establish a prima facie case for breach of contract and had
failed to produce any evidence that its claim for relief was not “part and
parcel” of the contract.  Setting forth
the four elements of a breach of contract claim, Terex argued that Republic had
muddled the differences between damages provided under tort law and those
recoverable under contractual obligations, and asserted that under the terms of
the contract, Republic was obligated to pay the full-replacement value of the
truck.  Terex also contended that the
term “replacement cost” means the “current cost of replacing a fixed asset with
a new one of equal effectiveness,” and that Republic’s claim that it did not
breach the contract because it had complied by paying a portion of the replacement
cost was without merit.

Noting that market value is typically the
measure of damage to property, Republic next  argued that the proper measure of damages for loss
of the destroyed truck with no market value is its replacement value as set
forth in Shaw Tank Cleaning Co. v. Texas
Pipeline Co., 442 S.W.2d 851, 854-55 (Tex. Civ. App. – Amarillo 1969, writ ref’d
n.r.e.).  Shaw upheld the trial court’s instruction that the jury consider
“the cost of restoration [of the destroyed property which had no market value]
‘reduced by any betterment which might result from the replacement of the
existing [property] with [new property],’” and noted that the trial court’s jury
instruction properly included elements of depreciation, obsolescence, if any,
and anticipated serviceability, of the property that was destroyed.  Id.  Relying upon Shaw, Republic then asserted that because the 2007 truck had market
value, the proper measure of damages is the market value of the property at the
time of loss and that Terex’s alleged damages of $138,273.50 was not the market
value of the 2007 truck.  Claiming that
it had already paid “the purported market value of the damaged vehicle,”
Republic contended that it was entitled to summary judgment because there had
been no breach of contract.

Terex contended that Republic was espousing
an argument that the parties are not free to contract and that the damages
provision within the valid and enforceable contract should be discarded in
favor of market value.  Noting that
Republic had failed to present any evidence to show why the trial court should
deny the contract’s plain language and the parties’ intent, Terex also
contended that Republic was bound by contract to the agreed-upon measure of
damages and that Republic’s argument that the parties were limited in
contracting for damages must fail.  Citing
definitions from a 1993 edition of Webster’s Third New International Dictionary
1925, Terex argued that the term “replace” means “substituting an item which
serves the same function,” and that the term “replacement cost” means the “current
cost of replacing a fixed asset with a new one of equal effectiveness.”  Seeking to be made whole with a truck which
was “a custom built piece of specialty equipment manufactured specifically for
Terex in accordance with a proprietary design, including many moving parts and
technological add-ons,” Terex argued that because Republic had not met its
burden of showing that it was obligated to pay anything other than the
full-replacement value of a new truck built to the exact specifications as the
one Republic destroyed, Republic’s summary-judgment motion must fail.

Finally, Republic asserted that it had “essentially”
exercised its option under Section 14 of the contract to purchase the 2007
truck for $100,075.13, which Republic argued was the “purported value of the
Equipment before the damage,” in exchange for salvage title.[6]  Republic argued that it had not breached the
contract because it had purchased, or had attempted to purchase, the 2007 truck
at market value before it was destroyed in exchange for title “as clearly
stated in the Contract.”

Terex argued that Republic presented no
evidence to support its contention that it had exercised its option to purchase
the 2007 truck, nor any evidence that a sales transaction had occurred.  Terex argued that the default provisions of
the contract barred the alleged option to purchase the 2007 truck because, upon
its payment to Terex of $100,075.13 for the alleged actual cash value of the
truck to which Republic’s insurer “felt Terex was entitled,” Republic was in
default for failing to pay the full-replacement value of the truck.  Stating that no agreement to sell the truck
existed, Terex also noted that it had not agreed to Republic’s
unilaterally-asserted price of $100,075.13 nor to any price for the sale of the
truck, and argued that this portion of Republic’s summary judgment must fail as
a matter of law.  Republic failed to
support its option-to-purchase assertion with any evidence that the parties had
agreed that $100,075.13 was the applicable price for purchase of the 2007 truck
or that Terex’s terms had satisfied any terms or conditions of sale as required
by Section 14 of the contract.

The summary-judgment evidence undisputedly
establishes the existence of a valid contract and plaintiff’s performance,
which comprise the first two elements of Terex’s breach-of-contract cause of
action.  See Rice, 324 S.W.3d at 666. 
However, resolving all doubts about the existence of a genuine issue of
material fact against Terex, considering the evidence in the light most
favorable to Republic, crediting favorable evidence if reasonable jurors could
do so and disregarding contrary evidence unless reasonable jurors could not, we
find Republic raised genuine issues of material fact regarding valuation of the
truck and the meaning of “full-replacement value.”  See Fielding, 289 S.W.3d at 848; Sw. Elec. Power Co., 73 S.W.3d at 215; Bell, 205 S.W.3d at 712.  Therefore, the trial court did not err in
denying Terex’s summary-judgment motion.

Resolving all doubts about the existence of
a genuine issue of material fact against Republic, considering the evidence in
the light most favorable to Terex, crediting favorable evidence if reasonable
jurors could do so and disregarding contrary evidence unless reasonable jurors
could not, we find in response to Republic’s traditional summary-judgment
motion that Terex raised genuine issues of material fact regarding valuation of
the truck and the meaning of “full-replacement value.”  See Fielding, 289 S.W.3d at 848; Sw. Elec. Power Co., 73 S.W.3d at 215; Bell, 205 S.W.3d at 712.  For this reason, and because Republic failed
to negate a single element of Terex’s breach-of-contract cause of action,
Republic was not entitled to summary judgment as a matter of law.  Tex. R.
Civ. P. 166a(c); see Frost Nat. Bank, 315 S.W.3d at 508-09
(a defendant is entitled to summary judgment when it conclusively negates at
least one essential element in a cause of action or conclusively establishes an
affirmative defense); Sw. Elec. Power Co.,
73 S.W.3d at 215; Bell, 205 S.W.3d at
712; East Hill Marine, Inc., 229
S.W.3d at 815-16.  Therefore, we conclude
that the trial court erred in granting traditional summary judgment in favor of
Republic.

Because genuine issues of material fact
exist as to the valuation of the 2007 truck with its custom features and the
meaning and proper application of “full-replacement value,”[7]
the trial court properly denied Terex’s summary-judgment motion but improperly
granted Republic’s motion for summary judgment, as issues regarding the breach
and damages elements of Terex’s breach-of-contract cause of action remain
unresolved.  We overrule that portion of Terex’s
issue challenging the trial court’s denial of its motion for summary judgment
and we sustain that portion of Appellant’s issue challenging the trial court’s
grant of Republic’s traditional summary-judgment motion.

CONCLUSION

            The
portion of the trial court’s judgment denying Appellant’s summary-judgment
motion is affirmed, and the portion of the trial court’s summary judgment
granting Republic’s traditional summary judgment is reversed.  The case is remanded for further proceedings.

 

                                                                        GUADALUPE
RIVERA, Justice

January 30, 2013

 

Before McClure, C.J., Rivera, and Antcliff, JJ.

Antcliff, J., not participating











[1]
As this case was transferred from our sister
court in Fort Worth, we decide it in accordance with the precedent of that court. Tex. R. App. P. 41.3.





[2]
Although Appellant referenced the contract in the body of its original petition
and noted that the contract was attached as an exhibit, no copy of the contract
is presented with the original petition in the appellate record but is affixed
to Terex’s summary-judgment motion.





[3]
Republic filed a written objection to this evidence but no written ruling from
the trial court is contained within the record on appeal.  In its first demand, Terex sought payment of
$38,198.37, and asserted that the replacement cost of the truck consisted of
the current cost of replacing the truck with a new one of equal effectiveness
rather than the market value or “ACV.” 
In a subsequent settlement offer to Republic’s insurer, Terex requested payment
of $25,695 after noting and presenting evidence therein that two sales of
comparable trucks, one occurring before and another after the accident,
averaged $125,695.  In its last pre-suit
demand letter, Terex sought Republic’s payment of $38,000.





[4]  Terex does not challenge any portion of the
trial court’s order granting summary judgment on Terex’s negligence claim.

 





[5]
Also included is a recital of three salvage bids of $2,500, $2,250, and $2,000.





[6]
Within its motion, Republic recited a portion of Section 14 but omitted
relevant portions, thus arguably leaving the trial court with the impression
that the contract permitted Republic to exercise this purchase option at any
time.  We disapprove of Republic’s lack
of candor before the trial court.  In its
entirety, Section 14 of the contract provides: “Lessee shall have the option,
if it is not in default hereunder, to purchase the Equipment, AS IS, WHERE IS,
WITH NO WARRANTIES WHATSOEVER, except as to title.  This option can be exercised at any time
within the rental term or upon the day of expiration of this Agreement upon
payment of the applicable price agreed upon by LESSEE and LESSOR and subject to
LESSOR’s standard terms and conditions of sale.” 





[7]
See Tex. Bus. & Com. Code Ann. § 2A.202
(West 2009).